Jonathan Jung, Esq.
Matthew Jeon, Esq.
Matthew J. Jeon, P.C.
2400 Lemoine Avenue, Suite 201
Fort Lee, New Jersey 07024
(201) 947-9475
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

-------------------------------------------------------------X
Sang Sung Lee, on behalf of himself individually,
as a Shareholder of Nextran Group Inc. and in the
name of Nextran Group Inc. and on behalf of all
other shareholder of said corporation.

                            Plaintiff,          **Civil Action No.:** _____

        -against-

Nextran Group Inc., Tony Park a/k/a Jae Hyung Park,
and Eric Park, Young S. Yang individually and as    **COMPLAINT**
Directors of Nextran Group Inc., John Does 1-5,
fictitious names , individually, and as officers and/or
managing members of Nextran Group Inc., and
Jane Does 1-5, fictitious names, individually, and
as officers and/or managing members of Nextran
Group Inc.
                         Defendants.
-------------------------------------------------------------X

      Plaintiff, a Shareholder of Nextran Group Inc. ("Shareholder") by his attorneys, Matthew Jeon P.C., for his Complaint against the above named defendants, states upon knowledge, except where indicated otherwise, as follows:

**NATURE AND SUMMARY OF ACTION**

1. This is a shareholder derivative action brought by plaintiff on behalf of Nextran Group Inc. (hereinafter referred to as "Nextran"). No demand was made on Nextran to institute this action as any such demand would have been futile in that director

defendants are members of the board of directors of Nextran and the individual defendants herein who committed, jointly participated in and/or approved the wrongdoing alleged.

2. This action is brought on behalf of plaintiff against the members of the Board of Directors (hereinafter referred to as the "Board") and executive officers of Nextran seeking to remedy defendants' breaches of fiduciary duties, corporate wrongdoings and statutory violations.

## THE PARTIES

3. Plaintiff, Sang Sung Lee (hereinafter "Lee"), is and at all times herein mentioned was, an individual residing in the State of New Jersey.

4. At all relevant times, Plaintiff Lee has been a *bona fide* registered shareholder of Nextran.

5. Upon information and belief, nominal defendant, Nextran is and at all times herein mentioned was, a corporation organized and existing under the laws of the State of New Jersey, having an office at 57 Romanelli Avenue, South Hackensack, New Jersey 07601.

### Director Defendants

6. At all relevant times, defendant, Tony Park (hereinafter "T. Park") a/k/a Jae Hyung Park, was and is the President and the Director of Nextran having a residence in 6 Grand Cove Way Edgewater, New Jersey 07020. He is also the brother of Eric Park and son of Young S. Yang who are also the Directors of Nextran.

7. At all relevant times, defendant, Eric Park (hereinafter "E. Park"), was and is the Director of Nextran having a residence in 6 Grand Cove Way Edgewater, New Jersey

07020. He is also the brother of T. Park and son of Young S. Yang.

8. At all relevant times, defendant, Young S. Yang (hereinafter "Yang"), was and is the Director of Nextran having a residence in 6 Grand Cove Way Edgewater, New Jersey 07020. She is also the natural mother of T. Park and E. Park.

9. Upon information and belief, defendants at all times herein mentioned were and currently are residents of the State of New Jersey.

10. Aforementioned Directors, T. Park and E. Park managed and are still managing the day-to-day operation and affairs of Nextran.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this Complaint states a federal question under 15 U.S.C. § 77; 15 U.S.C. § 78; 18 U.S.C. § 1961. The Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

12. Venue is proper under 28 U.S.C. Section 1391 because defendants reside and/or are located in this District.

## COMMON ALLEGATIONS

13. Beginning in Spring 2005, the defendants solicited approximately100 potential investors in the State of New York, New Jersey and other states in the United States. Upon information and belief, at least 20-30 people invested in Nextran.

14. Upon information and belief, Nextran is in the business of selling and operating Automatic Teller Machine (hereinafter "ATM") services and money marketing to be placed in various delicatessen and grocery stores throughout metropolitan New York,

New Jersey and other areas.

15. During the course of business as directors, E. Park, T. Park and Yang, engaged in the uncontrolled and systematic scheme to steal, misappropriate, co-mingle, divert, transfer, assign or otherwise dispose of the funds and assets of Nextran to the detriment of the shareholders of Nextran.

## FACTUAL BACKGROUND

16. At all relevant times, Mr. Lee owned and operated a business (hereinafter "Store") at 26 West 33rd Street, New York, New York.

17. On or about September 2005, Mr. Lee was approached by E. Park at his store to discuss a business opportunity.

18. E. Park, an employee at a money marketing business, promoted a new company, Nextran, which specializes in money marketing and ATM services, promising spectacular returns for prospective investors in addition to monthly commission from operation of ATM services.

19. Upon further discussion, E. Park persuaded Mr. Lee that Nextran was a solid start up company with financing from Lehman Brothers, a reputable global investment bank.

20. Thereafter, E. Park met with Mr. Lee on several occasions at his store and provided Mr. Lee with further details about the company, supplying him with documents and prospectus with regard to Nextran.

21. On or about September 30, 2005, based upon E. Park's representation and in reliance thereof, Mr. Lee made an investment in Nextran in the amount of One Hundred Thousand Dollars ($100,000.00) which was received by E. Park. Prior to his dealing with E. Park, Mr. Lee did not invest in financial products or business ventures other

than his store in New York City.

22. Thereafter, without providing any formal agreement, E. Park simply presented Mr. Lee at the store with a one-page document designated for Mr. Lee's signature in connection with his investment.

23. On or about October 2005, Mr. Lee signed the document and gave it to E. Park when E. Park visited Mr. Lee at his store. A few months later, Mr. Lee received the entire Stock Purchase Agreement ("Agreement") from E. Park, recognizing that the one-page document he endorsed was incorporated into the Agreement as page 17 of the Counterpart Signature Page of the Agreement.  However, upon execution of the document on or about October 2005, he was never provided with the full Agreement. A copy of the Agreement is attached hereto as **Exhibit.**

24. On or about October 30, 2005, Mr. Lee did not receive his scheduled commissions from Nextran.

25. Soon thereafter, Mr. Lee personally met E. Park in New Jersey because Mr. Lee did not receive his scheduled commissions or investment returns from Nextran.

26.  Around the same time, a Korean newspaper published an unfavorable review of Nextran and Mr. Lee obtained some negative feedbacks from his friends regarding Nextran and its reputation as a dubious and fraudulent corporation.

27. When confronted with these allegations, E. Park rebutted them by assuring Mr. Lee that Nextran was a solid start up company and further added that it was customary for companies to post negative numbers in their inception.

28. To placate Mr. Lee's concerns involving Nextran's reputation, he promised multifold returns on his investment in the near future. With regards to the promised

commissions, E. Park guaranteed that Mr. Lee would receive all arrears in commissions in one lump sum payment.

29. Up to the date of this Complaint and continuing, Mr. Lee and other shareholders did not receive any commissions as promised.

30. On December 9, 2006, after being frustrated by default in payment of commissions by Nextran, Mr. Lee called for a special shareholder meeting at the corporate headquarter in Hackensack, New Jersey to discuss the shareholders' concerns about the company.

31. Present at the meeting were T. Park and E. Park and approximately 20 shareholders. The shareholders demanded answers from the director defendants regarding their investments and threatened to withdraw their investments from the company because they have not received any promised returns on their investments.

32. At the shareholder meeting, T. Park, the President of the Nextran, made a presentation about Nextran's balance sheet and income statement. Moreover, he told the shareholders to wait until August 2007 to receive their returns. Needless to say, all of the shareholders were dissatisfied with T. Park's remarks but they adjourned the meeting without any resolution.

33. Again, in August 2007, shareholders did not receive their promised returns on their investments.

34. Moreover, shareholders were informed that Nextran was shedding their workforce and eliminating employees including customer service personnel.

35. On or about September 21, 2007, Mr. Lee and other shareholders received regular mails and certified mails from T. Park regarding a Special Meeting of the

Shareholders to be held on October 6. 2007.

36. On October 6, 2007, the Special Meeting of the Shareholders was scheduled to convene for the purpose of converting preferred stock into common stock and discussing the possibility of acquisition of a target company, Inextnet, LLC (hereinafter "Inextnet"), in which only a few members of the registered shareholders attended. Upon information and belief, Inextnet was in the business of offering public internet access in retail lodging and merchant locations.

37. Thereafter, T. Park sent out to those who did not attend the Special Meeting mass certified mails regarding voting on said stock conversion and acquisition of Inextnet.

38. On or about February 16, 2008, Mr. Lee organized a special shareholder meeting to demand accounting of the corporate finances.

39. Present at the meeting were T. Park and E. Park and several shareholders. At the shareholder meeting, T. Park tried to appease the angry investors by imploring them to wait to receive returns on their investment. Again, T. Park painted a positive picture of the company.

40. On or about April 2008, Mr. Lee went to the Nextran headquarters personally and demanded accounting from T. Park.

41. Instead of providing Mr. Lee with accounting of Nextran, T. Park admitted that Nextran was lacking some cash flow but assured Mr. Lee that he was expecting to receive additional financing from other investors, thereby injecting the capital into Nextran.

42. Upon information and belief, each of the individual defendants has misappropriated corporate funds and committed waste by spending corporate funds for personal use

and leisure. Furthermore, they authorized the sale of all corporate assets, including the ATM machines and other equipments without shareholders' approval.

43. At the end of April 2008, the defendants terminated most of its employees.

44. Upon information and belief, the director defendants are currently liquidating corporate assets without shareholders' approval and negotiating the sale of the business to a third party.

### FIRST CAUSE OF ACTION
### Against the Individual Defendants for
### (Violations of §10(b) and Rule 10b-5 of the Securities and Exchange Act)

45. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

46. Throughout the relevant period, defendants directly or indirectly, acting intentionally, knowingly or recklessly, by use of the means or instrumentalities of interstate commerce or of the mails, in connection with the purchase or sale of securities: (a) have employed, are employing, and are about to employ devices, schemes or artifices to defraud; (b) have made, are making, and about to make untrue statements of material fact or have omitted, are omitting and are about to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) have engaged, are engaging and are about to engage in acts, practices or courses of business which operate as a fraud or deceit upon certain persons.

47. By engaging in the conduct described above, each of the defendants violated and

unless restrained and enjoined ill continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

### SECOND CAUSE OF ACTION
### Fraud in the Offer and Sale of Securities
### (Violation of Section 17(a) of the Securities Act)

48. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

49. Throughout the relevant period, the individual defendants individually and in concert, acting intentionally, knowingly or recklessly, in the offer or sale of securities by use of means or instruments of transportation or communication in interstate commerce or by use of the mails: (a) have employed, are employing, and are about to employ devices, schemes or artifices to defraud; (b) have obtained, are obtaining and are about to obtain money or property by means of untrue statements of material fact or omissions to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) have engaged, are engaging and are about to engage in transactions, practices or courses of business which operate as a fraud or deceit upon the purchasers of the securities.

50. As a result, the defendants have violated, are violating and unless enjoined, will continue to violate Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

### THIRD CAUSE OF ACTION
### Offer and Sale of Unregistered Securities
### (Violation of Sections 5(a) and 5(c) of the Securities Act)

51. Plaintiff incorporates by reference and realleges each and every allegation set forth

above, as though fully set forth herein.

52. The investment opportunity offered by defendants are securities within the meaning of Section 29(l) of the Securities Act [15 U.S.C. § 77b(l)] and Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78 c(a)(10)]. No registration statement has been filed with respect to these securities, and no exemption from registration has been available.

53. The defendants, directly or indirectly: (a) have made, are making, and are about to make use of the means or instrumentalities of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise, as to which no registration statement was in effect and for which no exemption from registration was available, and/or for the purpose of sale or for delivery after sale, have carried or caused to be carried, are carrying or causing to be carried, and are about to carry or caused to be carried through the mails or in interstate commerce, by means or instruments of transportation, securities for which no registration was available; and/or (b) have made, are making and are about to make use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell, through the use or medium of a prospectus or otherwise, securities as to which no registration statement had been filed and for which no exemption from registration was available.

54. As a result, defendants have violated, are violating and, unless enjoined, will continue to violate Section 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77(e)(c)].

**FOURTH CAUSE OF ACTION**
**(Substantive RICO Violations)**

55. Plaintiff incorporates by reference and realleges each and every allegation set forth

above, as though fully set forth herein.

56. The individual defendants, under the leadership of T. Park, have committed violations of the state and federal RICO act by being employed by or associated with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

### Racketeering Enterprise

57. Defendants, T. Park, E. Park and Yang, formed an association-in-fact constituting an "enterprise," as defined by [18 U.S.C. § 1961(4)] (hereinafter "Enterprise"), comprised of a group of individuals and at least one entity who were, at the relevant times, associated in fact. This Enterprise was engaged in, and its activities affected, interstate commerce including mail fraud and wire fraud.

### Purpose of the Enterprise

58. The purpose of the Enterprise included the following:

   a. Obtaining approximately $ 2,000,000 or more through the commission of unlawful activities, including among other things, mail fraud and wire fraud in connection with Nextran; and

   b. Preserving and protecting the power and viability of the Enterprise through fraudulent actions; and acquiring wealth and benefits that would otherwise not be available to defendants.

### Means of the Enterprise

59. The members and associates of the Enterprise conducted and participated their affairs in furtherance of their criminal enterprises by means of the following, and others:

    a. they committed two or more predicate acts of mail fraud by sending phony documents claiming to grant the rights to a fraudulent company;

    b. they committed two or more predicate acts of wire fraud by transmitting materially false representations concerning the rights of fraudulent company known as Nextran Group Inc.;

    c. they committed other acts which were fraudulent or otherwise in violation of the law.

### Racketeering Violation

60. From approximately Spring of 2005, with plans to continue well into the future, in this District and in other districts, the named defendants, together with others known and unknown, being persons employed by and associated with the Enterprise described, which was an Enterprise engaged in, and the activities of which affected interstate commerce unlawfully and willfully and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that Enterprise through a pattern of racketeering activity, through the commission of various racketeering acts, as stated in this complaint.

### Pattern of Racketeering Activity

61. The pattern of racketeering activity, as defined in 18 U.S.C. § 1961(1) and 1961(5), consisted of the following racketeering acts, among numerous others, committed before and after the following acts:

### Racketeering Act One – Mail Fraud

62. In September 2005, defendants sent to potential investors documents through the

interstate commerce and through the instrumentalities of the United State Postal Service, showing a false and fraudulent scheme to obtain approximately $2,000,000.00 or more of secret gains from shareholders of Nextran. Defendants prepared, executed and disseminated false documents through the United States mails.

### Racketeering Act Two– Mail Fraud

63. In September 2005, defendants sent to Jeon Chil Ahn (hereinafter "Ahn"), another shareholder, fraudulent documents in the interstate commerce and through the instrumentalities of the United State Postal   Service, showing a false and fraudulent scheme to obtain approximately $2,000,000.00 or more of secret gains from shareholders of Nextran. Defendants prepared, executed and disseminated false documents through the United States mails.

### Racketeering Act Three– Mail Fraud

64.  In September 21, 2007, defendants sent to the plaintiff documents in the interstate commerce and through the instrumentalities of the United State Postal Service, showing a false and fraudulent scheme to obtain approximately $2,000,000.00 or more of secret gains from shareholders of Nextran. Defendants prepared, executed and disseminated false documents through the United States mails.

### Racketeering Act Four -  Wire Fraud

65. On or about September 2005, defendants, E. Park, verbally reiterated the material false and fraudulent terms in order to induce plaintiff to transfer the sum of $100,000.00 from the bank account of Plaintiff personally to Nextran as part of said RICO Enterprise scheme.

### Racketeering Act Five - Wire Fraud

66. On or about September 2005, defendants, E. Park, verbally reiterated the material false and fraudulent terms in order to induce plaintiff to transfer the sum of $100,000.00 from the bank account of Mr. Ahn personally to the company Defendant as part of said RICO Enterprise scheme.

### Racketeering Act Six - Wire Fraud

67. Defendants, through the use of ATM machines, caused Mr. Lee and other shareholders to transfer all gains to company Defendant from the money marketing business.

### FIFTH CAUSE OF ACTION
### (Breach of Duty)

68. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

69. At all times relevant herein, E. Park and Yang have been and continue to be Directors of Nextran.

70. At all times relevant herein, upon information and belief, T. Park has been and continues to be act on behalf of Nextran as Director and as the President of Nextran.

71. Based on the foregoing, E. Park, T. Park and Yang stand as fiduciaries to the plaintiff, Nextran and its shareholders.

72. Upon information and belief, based on wrongdoings complained of, E. Park, T. Park and Yang have breached or will imminently breach their fiduciary duties to plaintiff individually and derivatively as a shareholder of Nextran by engaging in wrongful co-mingling of funds to waste corporate assets.

73. The theft and misappropriation of fund by the defendants have caused plaintiff to

suffer substantial injury and damage and will in the future continue to cause additional substantial damages, the amount of which cannot be ascertained at this time.

### SIXTH CAUSE OF ACTION
### (Fraud)

74. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

75. Upon information and belief, E. Park, T. Park and Yang have engaged in and continue to engage in willful and intentional transfer of assets and misappropriation of corporate funds for the purpose of defrauding the shareholders. They have systematically stolen and/or misappropriated corporate funds of Nextran. The continued theft and misappropriation of the corporate funds of Nextran by E. Park, T. Park and Yang constitute a fraud upon plaintiff

76. The theft and misappropriation of fund by the defendants have caused plaintiff to suffer substantial injury and damage and will in the future continue to cause additional substantial damages.

77. If E. Park, T. Park and Yang are allowed to continue to have the uncontrolled and unaccountable ability to systematically steal and/or misappropriate funds, co-mingle, divert, transfer, assign or otherwise dispose of any of the assets of Nextran, plaintiff will suffer great damage and injury, and it will be impossible to ascertain, with any degree of certainty, the exact value of Nextran, and thus, the exact value of plaintiff's interest therein.

78. By virtue of the foregoing, plaintiff is entitled to judgment for relief permitting immediate accounting of books and records of Nextran.

## SEVENTH CAUSE OF ACTION
### (Indemnification)

79. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

80. Plaintiff and Defendants entered into the Agreement.

81. As alleged herein, the individual defendants, acting as officers and/or directors of Nextran, breached their fiduciary duties to Nextran and its shareholders.

82. Nextran and its shareholders have suffered significant and substantial injury as direct result of the defendants' knowing and intentional or reckless breaches of duty as alleged herein. Plaintiff, as a shareholder of Nextran, seeks relief from the defendants on behalf of remaining shareholders of Nextran on the theory of indemnity to the extent that Nextran is to be found liable for the defendants' violations of their fiduciary duties.

83. By virtue of the foregoing, plaintiff is entitled to a relief on the theory of indemnity on behalf of the shareholders for individual defendants' wrongdoings.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

84. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

85. Nextran, Tony Park, E. Park and Yang are named defendants herein based upon the belief that they are the recipient of funds which have been misappropriated from Nextran through the actions of defendants.

86. The defendants have been unjustly enriched by the retention of monies owing to the plaintiff.

87.  The defendants are constructive trustees of said monies.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against each defendant as follows:

1. That Nextran, T. Park, E. Park and Yang be compelled to provide, or cause to be provided, plaintiff with timely, unfettered and complete access to all financial books and records of Nextran; and that Nextran, Tony Park, E. Park and Yang provide, or cause to provided, to plaintiff a full corporate financial accounting for all moneys received and retained by Nextran and for all moneys removed from Nextran;

2. That the defendants be ordered to pay appropriate civil monetary penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77 t(d) and Section 21(d)(3) of the Exchange Act 15 U.S.C. § 78u(d)(3);

3.  That the defendants be required to disgorge their ill-gotten gains and unjust enrichment of approximately $2,000.000.00, including prejudgment interest, with said monies to be distributed in accordance with a plan of distribution to be ordered by the Court;

4.  For such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

Matthew Jeon, P.C.

Dated: June 29, 2008                               s/ Jonathan Jung
                                                Jonathan Jung, Esq. (JJ 5486)
                                                Matthew J. Jeon, Esq. (MJJ 3368)
                                                Matthew Jeon, P.C.
                                                Attorneys for Plaintiffs
                                                2400 Lemoine Avenue, Suite 201
                                                Fort Lee, NJ 07024

To:    Clerk
        United States District Court
        District of New Jersey
        50 Walnut Street
        Newark, New Jersey 07101-0999

# EXHIBIT